R. P. Moss, Administrator, etc., v. H. P. FOWLKES.

ADMINISTRATOR. *Refunding bond. Surety.* An administrator paid John and Green Winstead a sum of money on the assumption they were distributees of his intestate, taking from them a covenant: "If from any cause said sum should be ascertained to be in excess of my distributive share in said estate, I bind myself, and each of us bind ourselves, to refund such excess to the administrator." It turned out that the 'said John and Green were not entitled to any share of the estate. Upon suit against surety on covenant, *Held,* that the surety was liable for full amount paid, all of said sum being *excess.*

FROM WILLIAMSON.

Appeal in error from the Circuit Court of Williamson county. W. S. McLEMORE, J.

WILLIAM HOUSE for Moss.

COOK & MARSHALL for Fowlkes.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff, as administrator of Sarah Neely, paid to John and Green Winstead each twenty-five dollars, on

Moss *v.* Fowlkes.

the assumption that they were entitled to that sum as distributees of his intestate. He, however, for his indemnity required each of said supposed distributees to give him a receipt for the sum so paid, with a bond, with the following covenant: "If from any cause the said sum should be ascertained to be in excess of my distributive share in said estate, I bind myself, and we and each of us bind ourselves, to refund the amount of such excess to said Moss, administrator." This bond was signed by the supposed distributees, and by the defendant as surety.

It turned out that the administrator was held liable to, and did pay the husband of intestate, all the funds he held. The said John and Green were not entitled to any share of said estate as distributees, and Moss sued the surety only on both bonds before a justice of the peace, and judgment being rendered against him, he appealed to the circuit court. There the cause was tried by the circuit judge without a jury, and he found that the plaintiff was not entitled to recover, and rendered judgment against the plaintiff and his surety for the costs of suit. From this judgment the plaintiff has appealed in error to this court.

The Referees, after setting out the obligation of the refunding bonds signed by defendant as surety, report that the judgment below was correct, and should be affirmed, for the reason that the administrator had recognized the said John and Green as distributees, and the bond was given to refund any *excess,* and not to refund the whole amount paid them as sup-

posed distributees, and the surety did not undertake to refund the whole sum. We do not concur in the conclusion of the Referees. The plaintiff excepted to this conclusion of the Referees, and we think the exception is well taken. The bond expressly stipu- lates that "if for *any cause* the said sum should be ascertained to be in excess of my distributive share," "I bind myself, and each of us bind ourselves, to refund such excess." It is made manifest that said John and Green were not distributees of said estate, and for this reason not entitled to the sum paid by the administrator, or any part of it, so that the whole sum paid them was in excess of any share due them from said estate. And the bond was executed to protect the administrator in the payment of any sum to them to which they were not entitled, and as they were entitled to none, they are bound to re- fund all they have received. Such was obviously the object of taking said bonds.

The report of Referees will be set aside, the judg- ment below reversed, and judgment rendered here for plaintiff for the sum paid and interest.